IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONNIE WIMBUSH #360-137
   Plaintiff                                          :

       v.                                              :          CIVIL ACTION NO. JKB-13-3718

MS. HOLWAGER, et al.,                :
   Defendants

**MEMORANDUM**

     Plaintiff moves to dismiss this action without prejudice, pending upcoming improvements to the prison library which may help him better prepare his litigation. ECF No. 16. In determining whether to grant a motion for dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2), a court should consider the following factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation." *Wilson v. Eli Lilly & Co.*, 222 F.R.D. 99, 100 (D. Md. 2004) (quoting *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 991 (E.D. Va. 1998)). Typically, a motion to voluntarily dismiss a claim will be granted, in the absence of "plain legal prejudice" to the other party. *Ellett Bros., Inc. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001). Indeed, the purpose of Rule 41(a)(2) is to freely allow voluntary dismissals "unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).

     None of the defendants will suffer substantial prejudice if this action is dismissed without prejudice. Based on the foregoing, the court shall dismiss this case without prejudice pursuant to Rule 41(a)(2).

DATED this 6th day of May, 2014.

                                                   BY THE COURT:

                                                   _____/s/_____
                                                   James K. Bredar
                                                   United States District Judge